UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SZILVIA ILYES,

                  Plaintiff,

        -v-

MELIDO GROSS CASTRO, *et al*.

                  Defendants.

22-CV-4703 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    On September 14, the Court issued an Order denying Defendants' request to consolidate this action with two actions that are pending in the Supreme Court of New York, Bronx County. (Dkt. No. 38.) The Court noted that Defendants had cited no authority providing for "removal" of this action to state court, nor had Defendants shown that principles of abstention or res judicata precluded Plaintiff's attempt to pursue her claims in this Court.

    Defendants attempt another bite at the apple via their November 3 letter motion, which argues that "a federal court may in 'exceptional circumstances' abstain from exercising jurisdiction 'when parallel state-court litigation could result in comprehensive disposition of litigation and abstention would conserve judicial resources.'" (Dkt. No. 41 at 1 (quoting *Iacovacci v. Brevet Holdings, LLC*, 437 F.Supp.3d 367, 374 (S.D.N.Y. 2020) (cleaned up)). On the premise that this action is parallel to two actions pending in New York Supreme Court, Defendants argue that abstention is appropriate under the *Colorado River* doctrine. (Dkt. No. 41 at 2 (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)). An analysis of the Colorado River factors is not necessary because Defendants' argument fails on its first premise: the New York Supreme Court actions are not parallel to this action.

1

"[A]s between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction." *Iacovacci*, 437 F. Supp. 3d at 374 (citing *Colo. River*, 424 U.S. at 817). *See also Mochary v. Bergstein*, 42 F.4th 80, 84 (2d Cir. 2022) ("Where a federal court has subject matter jurisdiction, it has a virtually unflagging obligation to exercise that jurisdiction, even if an action concerning the same matter is pending in state court.") (cleaned up). The Second Circuit has instructed that "[t]he abstention doctrine comprises a few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction," and "[i]n this analysis, the balance is heavily weighted in favor of the exercise of jurisdiction." *Id.* (quoting *Woodford v. Cmty. Action Agency of Greene Cty.*, Inc., 239 F.3d 517, 522 (2d Cir. 2001)). While a court may choose to abstain where a parallel state-court action is pending, "the burden of persuasion rest[s] on the party opposing the exercise of federal jurisdiction." *Iacovacci*, 437 F. Supp. 3d at 375 (S.D.N.Y. 2020).

Defendants have not met their burden. "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012). "Perfect symmetry of parties and issues is not required . . . . Rather, parallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Phillips v. Citibank, N.A.*, 252 F. Supp.3d 289, 295 (S.D.N.Y. 2017). In other words, the parallel state-court litigation must "accomplish a *comprehensive* disposition of litigation." *Mochary*, 42 F.4th at 80 (quoting *Colo. River*, 424 U.S. at 813, 817-18) (cleaned up). The Second Circuit has cautioned that "mere commonality in subject matter *does not* render actions parallel." *Mochary*, 42 F.4th at 86 (emphasis added).

2

Plaintiff filed this action against Defendants Melido Gross Castro, PV Holding Corp., Avis Rent A Car System, LLC, and Roberto Astolfo Sanchez for injuries arising from a motor vehicle accident. (*See* Dkt. No. 1.) Sanchez is the plaintiff in a lawsuit filed in the Supreme Court of New York, Bronx County, alleging injuries from the same accident. (*See* Dkt. No. 41.) Another passenger in Sanchez's vehicle, Franklin Grullon, is the plaintiff in a separate suit filed in the same court. (*Id.*) While the subject matter of all three lawsuits is the same, Defendants have not shown that the actions are parallel because there is no indication that either of the pending state court actions would yield a comprehensive disposition of the litigation. Defendants do not claim that Plaintiff Ilyes is a party in either of the two pending state-court actions, meaning that those actions will not resolve her individual claims. Defendants fail to specify which parties *are* defendants in the two state-court actions, further indicating that they have not met their burden to demonstrate that the state-court proceedings will resolve all claims presented in Plaintiff's case.

Because Defendants have not made a threshold showing that the two actions pending in state court are parallel, *Colorado River* abstention is not appropriate. Defendants' letter motion requesting that this Court abstain from exercising jurisdiction over the instant matter is therefore DENIED.

The Clerk of Court is directed to close the motions at Docket Numbers 41 and 42.

SO ORDERED.

Dated: December 27, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge

3