UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SZILVIA ILYES,

                        Plaintiff,

        -v-

MELIDO GROSS CASTRO, *et al.*,
                        Defendants.

22-CV-4703 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Szilvia Ilyes brings this action against Defendants Melido Gross Castro and Roberto Astolfo Sanchez, seeking recovery for personal injuries sustained during a motor vehicle accident. Before the Court is Ilyes's motion for summary judgment against Castro and Sanchez on the issue of liability. For the reasons that follow, the motion is denied.

## I.    Background

### A.    Factual Background

The following facts are taken from Plaintiff's Local Rule 56.1 Statement (ECF No. 67 ("Pl.'s SOF")) and Defendant Castro's Response to Plaintiff's Local Rule 56.1 Statement (ECF No. 73). The facts recited here are undisputed unless otherwise noted and construed in the light most favorable to the non-movants.

On March 11, 2021, at or near 346 Powers Avenue in the Bronx, a motor vehicle accident occurred involving a car operated by Defendant Sanchez and another car operated by Defendant Castro. (Pl.'s SOF ¶¶ 1, 5.) At the time of the accident, Plaintiff Ilyes was a rear-seat passenger in the car operated by Sanchez. (*Id*. ¶ 2.) Castro testified that Sanchez's vehicle was double-parked on the left side of the street prior to the accident. (ECF No. 73 ¶ 3.) Castro further testified that Sanchez's vehicle came out and hit Castro's vehicle as Castro was driving southbound on the street. (*Id*. ¶¶ 3-4.) In contrast, Ilyes and Sanchez testified that Sanchez's car

1

was parked at the time of the accident.  (Pl.'s SOF ¶ 3-4.)  In the collision, the left front end of

Castro's vehicle came into contact with the right front end of Sanchez's vehicle.  (*Id*. ¶ 6.)

### B.   Procedural History

On June 6, 2022, Ilyes filed a complaint asserting personal injury claims against Castro,

Sanchez, PV Holding Corp. ("PV Holding"), and Avis Rent a Car System, LLC ("Avis").  (ECF

No. 1.)  On October 23, 2023, Ilyes filed a motion for partial summary judgment against Castro

and Sanchez on the issue of liability.  (ECF No. 64.)  On October 24, 2023, Ilyes, PV Holding,

and Castro filed a stipulation of partial discontinuance, which dismissed Ilyes's action as against

PV Holding and Avis only.  Sanchez filed an opposition to the motion for summary judgment on

November 10, 2023 (ECF No. 71), and Castro filed an opposition on November 14, 2023 (ECF

No. 72.)  Ilyes filed a reply on November 30, 2023.  (ECF No. 74.)

## II.   Legal Standard

To survive summary judgment, a nonmovant must raise a genuine issue of material fact.

*See* Fed. R. Civ. P. 56(c).  To raise such an issue requires "more than simply show[ing] that there

is some metaphysical doubt as to the material facts."  *Caldarola v. Calabrese*, 298 F.3d 156, 160

(2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986)).  Moreover, a nonmovant "may not rely on conclusory allegations or unsubstantiated

speculation."  *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal

quotation marks and citation omitted).  Rather, they "must offer some hard evidence showing

that [their] version of the events is not wholly fanciful."  *D'Amico v. City of New York*, 132 F.3d

145, 149 (2d Cir. 1998).  The movant can prevail if, after discovery, "there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks and citation

omitted).  If the movant does produce evidence tending to exclude the possibility of a genuine

dispute of material fact, "the nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" *Matsushita*, 475 U.S. at 587 (internal quotation marks and citation omitted) (emphasis in original).

### III.   Discussion

Ilyes seeks summary judgment on the issue of liability against Castro and Sanchez on the ground that she was an innocent passenger in Sanchez's car and, therefore, cannot be liable for the injuries she allegedly sustained in the accident.  Ilyes contends that issues of comparative negligence as between the two defendant drivers do not bar her from obtaining summary judgment on the issue of liability.  Under New York state law, Ilyes would be entitled to summary judgment if there is no genuine dispute over material fact regarding Ilyes's own lack of culpability and the culpability of both defendant drivers, with the only unresolved issue being "simply a finder of fact's apportionment of fault between both defendants." *Anjum v. Bailey*, 999 N.Y.S.2d 454, 456 (2d Dep't 2014) (collecting cases).  However, summary judgment on the issue of liability is precluded when there are genuine disputes over whether both or only one of the defendant drivers was at fault for the accident.  *See, e.g.*, *id.*; *Huerta-Saucedo v. City Bronx Leasing Inc.*, 48 N.Y.S.3d 132, 132-33 (1st Dep't 2017); *Oluwatayo v. Dulinayan*, 35 N.Y.S.3d 84, 86 (1st Dep't 2016).

Here, the record clearly establishes that there are genuine disputes over material facts with respect to the liability of the two defendant drivers.  Specifically, Castro and Sanchez have provided conflicting testimony regarding the nature of the accident.  Castro testified that Sanchez's car was double-parked prior to the accident and that Sanchez's car came out and hit Castro's car as Castro was driving past.  (ECF No. 73 ¶ 3-4.)  In contrast, Ilyes and Sanchez both testified that Sanchez's vehicle was parked at the time of the collision.  (Pl.'s SOF ¶ 3-4.)  Both defendant drivers, therefore, have offered evidence to support an inference of their respective

non-negligence.  Although the parties do not dispute that Ilyes was an innocent passenger, Ilyes cannot establish liability against the defendants merely by arguing her own lack of culpability. Such a showing would entitle her to summary judgment on her own absence of liability but is insufficient to support summary judgment against both defendants when one defendant or the other could conceivably be found to be non-negligent.  *See Anjum*, 999 N.Y.S.2d at 456; *Oluwatayo*, 35 N.Y.S.3d at 86.  Based on the conflicting versions of the accident in the record, there remains a triable issue of fact as to whether both or only one of the defendant drivers was liable for the accident.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED.

The parties are directed to confer and file a joint status letter on or before August 12, 2024, addressing (1) proposed jury trial dates from October 2024 through March 2025, with an estimated number of days anticipated for trial, and (2) whether the parties wish to be referred to the Court's mediation program or the designated magistrate judge for a settlement conference.

The Clerk of Court is directed to close the motion at ECF Number 64.

SO ORDERED.

Dated: July 22, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge

4