UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SZILVIA ILYES,

                     Plaintiff,

           -against-

MELIDO GROSS CASTRO, PV HOLDING CORP.,
AVIS RENT A CAR SYSTEM, LLC and ROBERTO
SANCHEZ,

                     Defendants.
------------------------------------------------------------------X

**Case No.:** . 1:22-cv-04703
(JPO)

**JOINT PRE-TRIAL ORDER**

Pursuant to, and in accordance with the Individual Rules of the Honorable J. Paul Oetken, United States District Judge, the following shall constitute the parties' Joint Pre-Trial Order pursuant to Rule 16(e) of the Federal Rules of Civil Procedure.

## I.  Caption:

The full caption of the action is set forth as above.  The parties previously executed a Stipulation of Discontinuance dismissing defendants PV Holding Corp. and Avis Rent A Car Systems, LLC (DE 69) in exchange for a stipulation that the $2 million liability policy that defendant Melido Gross Castro purchased from defendants PV Holding Corp and Avid Rent A Car System as part of his motor vehicle rental agreement was in full force and effect and valid at the time of the subject motor collision; that they are not relieved of their obligation to provide that $2 million in liability coverage to defendant Melido Gross Castro; and that they indemnify defendant Melido Gross Castro against any settlement or judgment that may ultimately be obtained in this matter under the terms of said liability insurance coverage.

II.    **Parties and Counsel:**

**Plaintiff:**    RONAI & RONAI, LLP
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777
Holly Ostrov Ronai, Esq.
and Paul Cordella, Esq.

**Defendant Melido Gross Castro:**

LYDECKER
200 Broadhollow Road, Suite 207
Melville, New York 11747
(631) 260-1110
Michael Goldman, Esq.

**Defendant Roberto Astolfo Sanchez:**

NICOLINI, PARADISE, FERRETTI & SABELLA
114 Old Country Road, Suite 500
Mineola, New York 11501
(516) 741-6355
John Ferretti, Esq.

III.    **Jurisdiction:**

Jurisdiction is predicated upon 28 U.S.C. § 1332 (a)(2).

Plaintiff SZILVIA ILYES is a citizen of Hungary who has not been admitted for permanent residence in the United States. Defendant MELIDO GROSS CASTRO was, at the time of the filing and service of the Complaint, a citizen and resident of the County of Bronx, State of New York. Defendant and ROBERTO SANCHEZ was, at the time of the filing and service of the Complaint, a citizen and resident of the County of Queens, State of New York.

The amount in controversy herein is claimed to exceed $75,000.00, exclusive of interest and costs. Pursuant to 28 USC 1332(a)(2) this Court has subject matter jurisdiction over civil actions exceeding $75,000 where the matter is between citizens of a State and citizens or subjects of a foreign state, except that the district Courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State. Diversity of citizenship exists herein as the within action is between a citizen of a foreign state and corporations/businesses licensed to do business in the State of New York and/or incorporated in New York, and/or has members who are citizens of New York.

The Court has subject matter jurisdiction over this action because, regardless of where Ms. ILYES is presently domiciled, the parties are of diverse citizenship. Ms. ILYES does not have lawful permanent resident status, which is defined as "someone who has been granted the privilege of remaining permanently in the United States under the immigration laws." *Barbata v. Latamie*, No. 11 Civ. 7381(DLC), 2012 WL 2422740, at *1 (SDNY June 26, 2012). As Plaintiff has not been admitted for permanent residence in the United States, under 28 USC 1332(a)(2), she is considered a citizen of a foreign state (Hungary) suing citizens of a State (New York) for purposes of diversity jurisdiction - regardless of if she is domiciled in New York. [*See, e.g. Williams v. Sunnyside Corp.*, No. 08 CV 2339(FB), 2008 WL 4443227 (EDNY Sept 3, 2008) ("It is no obstacle to alienage jurisdiction that [plaintiff] resides in New York, since he is not officially a permanent resident.")].

IV.    **Claims and Defenses:**

**Plaintiff:**

3

Plaintiff's Liability Claims:

On March 11, 2021, 43-year-old Szilvia Ilyes was a backseat passenger in a 2006 Ford SW/SUV van owned and operated by defendant Roberto Sanchez, when it was struck by a 2001 Nissan sedan, operated by defendant Melido Gross Castro. Defendant Castro had rented the Nissan sedan from the titled owner PV Holdings Corp. and/or Avis Rent A Car System, LLC. The collision occurred on Powers Avenue in the Bronx, New York, a one-way street located in the Bronx, New York, with two traveling lanes and parking lanes on either side of the travel lanes. The Sanchez vehicle had been parked along the left side of the street prior to the accident, when it was struck by the Sanchez vehicle as it speeded down Powers Avenue in the left travelling lane. After seated in the stopped Ford van for approximately ten minutes, Ms. Ilyes felt a heavy impact to the front, passenger side of the van. The collision caused substantial damage to the vehicles.

Ms. Ilyes was an innocent passenger in the Sanchez vehicle at the time of the accident and neither defendant is claiming that Ms. Ilyes was in any way at fault for the subject occurrence. In blaming each other for the collision, both defendants Sanchez and Castro have provided conflicting versions of the accident. Notwithstanding, under either version offered by the defendants, negligence of both drivers contributed to the subject collision.

Defendant Roberto Sanchez has alleged that at the time of the collision, his vehicle was stopped, parallel parked on the left side of the street between two cars, next to the curb, with its engine running and headlights on, but with his front right end and tire sticking out into the left travel lane. While his vehicle was stopped, his Ford van was struck by defendant Castro's Nissan, which was travelling "very, very fast." In contrast, Defendant Melido Gross Castro has alleged that while driving on Powers Avenue, he saw a van double-parked in the left travel lane, with its

4

lights on, and as he passed the double-parked van, there was a collision involving the front left side of his car and the front right side of the van. Defendant Castro testified there were two lanes for travel on Powers Avenue, and there was no other traffic on the road at the time. Defendant Castro testified he believed the van "came out" into his lane, but he also testified he never saw the van move before the collision, and neither the police accident report prepared in response to the accident, nor defendant Castro's MV-104 accident report which he prepared makes any mention that the van was double-parked or that it simply came out and struck him.

Under each scenario offered by the defendants, both drivers are responsible for the subject collision. Under defendant Sanchez and plaintiff's description of the collision, wherein the van was parallel parked in the parking lane – not double parked in the travel lane - defendant Sanchez operated his vehicle in a negligent manner in parking his vehicle with its right front end and front right tire extended a bit into the lane for travel (the exact portion of his van that was involved in the collision with defendant Castro's car). Parking in such a manner is improper and a clear violation of New York Vehicle and Traffic Law § 1201, which provides the following:

Section 1201 - Stopping, standing, or parking outside of business or residence districts. (a) Upon any highway outside of a business or residence district no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main-traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway. (b) This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and

5

temporarily leaving such disabled vehicle in such position. [See also *Askin v. City of New York*, 56 A.D.3d 394, 395 (1st Dept. 2008)]

Likewise, in this instance, defendant Castro was negligent for driving his vehicle so fast that he failed to observe the front portion of the van extending into the travel lane and failed to avoid striking it, despite there being no other vehicles on the road at that time, and instead, heavily collided with the front, right end and tire of Sanchez' van. Defendant Castro had a duty to see what there is to be seen and to avoid striking other vehicles, parked or otherwise.

Similarly, under defendant Castro's version of the collision - that the van was double-parked in the left travel lane - both defendants are also negligent for causing the collision. Double-parking is expressly prohibited by section 1202 of the New York Vehicle and Traffic Law, which provides the following:

Section 1202. Stopping, standing or parking prohibited in specified places. (a) Except when necessary to avoid conflict with other traffic, or when in compliance with law or the directions of a police officer or official traffic-control device, no person shall: 1. Stop, stand or park a vehicle: a. On the roadway side of any vehicle stopped, standing or parked at the edge or curb of a street.

Likewise, Defendant Castro should have observed Sanchez' improperly double-parked van and avoided striking same. Since he himself testified that there were two lanes for travel and there was no other traffic on the road at the time, he was clearly able to drive around the van that was allegedly double-parked in the left lane. However, based upon the extensive damage to his vehicle, it is clear that defendant Castro was driving so fast that he was unable to observe the van allegedly double parked in his lane of travel and to merely change lanes to avoid striking it.

Both defendants Sanchez's and Castro's violations of the New York State Vehicle and Traffic Law, constitute negligence *per se* and the negligence of both drivers proximately caused

6

the collision to occur.

Plaintiff's Damages Claims:

At the time of the collision, plaintiff Szilvia Ilyes was 43 years of age. As a result of the subject collision, she sustained severe and serious personal injuries to mind and body, including but not limited to: cervical disc herniation exerting pressure on the thecal sac at C6-C7, lumbar disc herniations with annular tears at L4-L5 and L5-S1, and right shoulder partial rotator cuff tear and partial labral tear with post-traumatic internal derangement of her right shoulder.  After conservative treatment failed, she underwent the following surgeries:

- On June 25, 2021, cervical epidural injection of steroids with fluoroscopic guidance;

- On May 20, 2021, right shoulder arthroscopy, rotator cuff and labral debridement;

- On July 9, 2021, cervical discectomy anterior approach and disc injection and radiographic interpretation

- On August 13, 2021, lumbar discectomy nucleus pulposus ablation, annuloplasty and disc injection and radiographic interpretation.

- On September 30, 2021, subacromial Steroid Bursal Injection;

- On July 28, 2022, Anterior cervical interbody arthrodesis of C6-7 vertebral segments with decompression of the spinal cord nerve roots at C6-C7 placement of biomechanical device placement of anterior spinal instrumentation autogenous and allografting of bone with intraoperative evoked-potential monitoring and intraoperative fluoroscopy.

She has been recommended to undergo lumbar decompression surgery.  She will need revision surgery to her cervical spine in the future.

Defendants' Liability Defenses

Defendant Roberto Sanchez has alleged that at the time of the collision, his vehicle was stopped, parallel parked on the left side of the street between two cars, next to the curb, with its engine running and headlights on.

Defendant Melido Gross Castro has alleged that while driving on Powers Avenue, he saw a van double-parked in the left travel lane, with its lights on, and as he passed the double-parked van, there was a collision involving the front left side of his car and the front right side of the van. Defendant Castro testified there were two lanes for travel on Powers Avenue, and there was no other traffic on the road at the time.   Defendant Castro testified the van "came from nowhere" and hit his vehicle.

### Defendants' Damages Defenses

Defendants assert that the injuries sustained by plaintiff Silvia Ilyes due to the accident have resolved with no clinical residuals.  Plaintiff did not suffer any permanent injury, does not require any further medical treatment, and has no disability as a result of the accident. She can participate in all activities of daily living and may work full time without restrictions.

Defendants claim that some of plaintiff Silvia Ilyes' injuries were caused by her failure to use the available seat belt.  Plaintiff's failure to use a seat belt should reduce the amount of damages she is entitled if Defendants are found liable.

## V.     **Jury or Bench Trial:**

Jury trial by request.  Plaintiff estimates that 7 days will be needed for this unified trial. Defendants estimate an anticipated length of the unified trial to be 7 days.

## VI.     **Consent to Trial by a Magistrate Judge:**

8

The parties do not all consent to a trial by a Magistrate Judge.

**VII.    Stipulations or Agreed Statements of Fact or Law to Which All Parties Consent**

a.  On March 11, 2021, Plaintiff was a passenger in a 2006 Ford SW/SUV owned and operated by Defendant ROBERTO ADOLPHO SANCHEZ, which was parked along the left side of Powers Avenue, Bronx New York at the time of the collision.

b.  On March 11, 2021, a 2001 Nissan sedan, operated by defendant Melido Gross Castro and owned by PV Holdings Corp. and/or Avis Rent A Car System, LLC was traveling in a generally southbound direction on Powers Avenue, a one-way street.

c.  On March 11, 2021, there was a collision between the two vehicles on Powers Avenue, Bronx New York.

d.  The subject collision was not due to any fault on the part plaintiff, Szilvia Ilyes.

**VIII.    Trial Witnesses**

Plaintiff

The following is a list of those witnesses whom the Plaintiff may call at the time of trial (subject to trial scheduling and availability).  Plaintiff anticipates the following witnesses will testify in person:

1.  SZILVIA ILYES

    Plaintiff Szilvia Ilyes is expected to testify regarding her actions and observations on the day of the collision, how the subject incident occurred, her injuries, her medical treatment, how her life has been impacted, and her damages.

2.  MELIDO GROSS CASTRO

    Defendant Melido Gross Castro is expected to testify regarding his actions and observations on the day of the collision, and his use and operation of his motor vehicle.

9

Mr. Castro will require a Spanish interpreter.


3.  ROBERTO ASTOLFO SANCHEZ

Defendant Roberto Astolfo Sanchez is expected to testify regarding his actions and observations on the day of the collision, and his use and operation of his motor vehicle. Mr. Sanchez will require a Spanish interpreter.


4.  DR. ANDREW MEROLA

Dr. Andrew Merola is expected to testify on the subject of medicine and offer facts, opinions and conclusions on the injuries sustained by plaintiff Szilvia Ilyes as a result of the subject collision on March 11, 2021, and his evaluation, care and treatment of the plaintiff, including but not limited to the surgery he performed on her on July 28, 2022.  Dr. Merola is also expected to testify as to plaintiff's current condition, her prognosis, her future medical needs, and the cost thereof.


5.  DR. ANDREW HALL

Dr. Andrew Hall is expected to testify on the subject of medicine and offer facts, opinions and conclusions on the injuries sustained by plaintiff Szilvia Ilyes as a result of the subject collision on March 11, 2021, and his evaluation, care and treatment of the plaintiff, including but not limited to the cervical injection he performed on her on June 25, 2021, the cervical discectomy surgery he performed on her on July 9, 2021, and the lumbar discectomy surgery he performed on her on August 13, 2021.


6.  DR. ALEKSANDR KHAIMOV

Dr. Aleksandr Khaimov is expected to testify on the subject of medicine and offer facts, opinions and conclusions on the injuries sustained by plaintiff Szilvia Ilyes as a result of the subject collision on March 11, 2021, and his evaluation, care and treatment of the plaintiff, including but not limited to the right shoulder arthroscopy surgery he performed on her on May 20, 2021 and the subacromial steroid bursal injection he performed on her on September 30, 2021.

7.  DR. JOSEPH CARFI

Dr. Carfi is expected to testify regarding the subject of plaintiff's future medical and life care needs, as set forth in his life care plan/report dated June 12, 2023.

8. <u>KRISTIN K. KUCSMA, M.A. OR KENNETH T. BETZ, MBA, M.A.</u> of Sobel Tinari Economics Group

Ms. Kucsma, or Mr. Betz, are expected to testify regarding plaintiff's past and future economic losses as set forth in their report dated July 26, 2023.

9. Plaintiff reserves the right to call anyone listed in Defendants' witness list.

10. Witnesses necessary to authenticate any documents or exhibits listed herein.


<u>Defendants</u>

1. <u>MELIDO GROSS CASTRO</u>

Defendant Melido Gross Castro is expected to testify regarding his actions and observations on the day of the collision, and his use and operation of his motor vehicle. Mr. Castro will require a Spanish interpreter.

2. <u>ROBERTO ASTOLFO SANCHEZ</u>

Defendant Roberto Astolfo Sanchez is expected to testify regarding his actions and observations on the day of the collision, and his use and operation of his motor vehicle. Mr. Sanchez will require a Spanish interpreter.

3. <u>MICHAEL SOUDRY of ECO-STAT</u>

Mr. Soudry is expected to testify regarding plaintiff's past and future economic losses as set forth in his report dated August 30, 2023.

4. DR. ARNOLD T. BERMAN

Dr. Arnold T. Berman is expected to testify on the subject of medicine and offer facts, opinions and conclusions on the injuries sustained by plaintiff Szilvia Ilyes as a result of the subject collision on March 11, 2021, based upon his evaluation on August 17, 2023. Dr. Berman is also expected to testify as to plaintiff's prognosis, her future medical needs, and the cost thereof, as well as plaintiff's ability to work.

5. JADE BECKFORD

Ms. Beckford is expected to testify regarding her observations on the day of the collision.

6. JAKAI BECKFORD
   Mr. Beckford is expected to testify regarding her observations on the day of the collision.

7. Defendants reserve their right to call anyone listed in Plaintiff's witness list.

8. Witnesses necessary to authenticate any documents or exhibits listed herein.

## IX.    Designation of Deposition Testimony

Plaintiff:

Plaintiff reserves her right to offer deposition testimony in whole or in part from any witness listed herein by plaintiff or defendants, if said witness is deemed "unavailable" by the Court.

Plaintiff reserves the right to rely on and use any deposition transcript for impeachment purposes.

Defendant:

Defendants reserve her right to offer deposition testimony in whole or in part from any witness listed herein by plaintiff or defendants, if said witness is deemed "unavailable" by the Court.

Defendants reserve the right to rely on and use any deposition transcript for impeachment purposes.

## X.    List of Exhibits

A list by each party of exhibits to be offered in its case in chief, with one asterisk indicating exhibits to which no party objects on grounds of authenticity, and two asterisks indicating exhibits to which no party objects on any ground.

| P's Exs. | Description |
|---|---|
| Ex. 1 | **MV-104 Report of Motor Vehicle Accident Report signed by defendant Melido Gross Castro |
| Ex. 2 | **Google Maps Photograph Marked as Exhibit on May 16, 2023 |
| Ex. 3 | **Car Rental Agreement Between Defendant Melido Gross Castro and PV Holding Corp/Avis Rent A Car System |
| Ex. 4 | **Photograph of Defendant Melido Gross Castro's vehicle post-accident Marked as Exhibit on May 5, 2023 |
| Ex. 5 | **Plaintiff's Medical Records – Dr. Jordan Fersel, PC |
| Ex. 6 | **Plaintiff's Medical Records and Films- Dr. Aleksandr Khaimov, D.O |
| Ex. 7 | **Plaintiff's Medical Records – Family Health, NP, PC |
| Ex. 8 | **Plaintiff's Medical Records and Films – Dr. Andrew Hall |
| Ex. 9 | **Plaintiff's Medical Records – CitiMed Complete Medical Care, PC |
| Ex. 10 | **Plaintiff's Medical Records and Films – Dr. Andrew Merola |
| Ex. 11 | **Plaintiff's Medical Records- Physicians Medical Rehabilitation Services, PLLC |
| Ex. 12 | **Plaintiff's Medical Records- Optimum Health Acupuncture |
| Ex. 13 | **Plaintiff's Medical Records and Films- Eclipse Medical Imaging, PC |
| Ex. 14 | **Plaintiff's Medical Records- JR Medical, PC |
| Ex. 15 | **Plaintiff's Medical Records and Films-AllCity Family Healthcare Center |
| Ex. 16 | **Plaintiff's Medical Records and Films- Medaid Radiology, LLC |
| Ex. 17 | **Plaintiff's Medical Records- Quality Orthopedics & Complete Joint Care, PC |
| Ex. 18 | **Plaintiff's Medical Records- Gurvansh Anand Chiropractic |
| Ex. 19 | **Plaintiff's Medical Records- Mission Health PT PLLC |
| Ex. 20 | **Plaintiff's Medical Records and Films- Mount Sinai Beth Israel Medical Center Radiology |
| Ex. 21 | **Plaintiff's Medical Records and Films- ASC of Rockaway Beach |
| Ex. 22 | **Plaintiff's Medical Records and Films- New York Presbyterian Brooklyn Methodist Hospital |
| Ex. 23 | **June 12, 2023 report of Dr. Joseph Carfi, Physiatry Associates, PC |
| Ex. 24 | **July 26, 2023 report of Sobel Tinari Economics Group |
| Ex. 25 | **Photographs and Google maps imagery of the accident location, and associated demonstrative evidence |
| Ex. 26 | **Demonstrative Evidence: lumbar spine medical illustration of the plaintiff's MRIs and surgery. |
| Ex. 27 | **Demonstrative Evidence: cervical spine medical illustration of the plaintiff's MRIs and surgery |

| Ex. 28 | **Demonstrative Evidence: right shoulder medical illustration of the plaintiff's MRIs and surgery |
| Ex. 29 | **August 30, 2023 report of Michael Soudry, Eco-State |
| Ex. 30 | **August 17, 2023 report of Dr. Arnold T. Berman |

Plaintiff reserves the right to use any exhibit designated by Defendants.

## XI. Statement of Damages

Plaintiff:

As a result of the subject collision, Plaintiff seeks damages for past pain and suffering and future pain and suffering, the amounts of which will be determined by the jury.

As a result of the subject collision, plaintiff Szilvia Ilyes seeks recovery of her sustained actual economic damages. Plaintiff seeks medical expenses to cover her future medical and rehabilitation needs over the remainder of her life, as well as past and future lost wages. This amount has been calculated and will be testified to by plaintiff's life care planner and economist expert, to total $3,100,421 (costs and expenses of Ms. Ilyes' future lifetime care totals $2,357,255 and projected lost wages, past and future, totals $743,166.00).

Defendants:

Defendants assert that the injuries sustained by plaintiff Silvia Ilyes due to the accident have resolved with no clinical residuals. Plaintiff did not suffer any permanent injury, does not require any further medical treatment, and has no disability as a result of the accident. She can participate in all activities of daily living and may work full time without restrictions.

14

Defendants' expert Dr. Berman will testify regarding the lack of need for future medical treatment and lost wages. Defendants' economist expert will testify that the estimated economic loss is greatly overstated.

Defendants claim that some of plaintiff Silvia Ilyes' injuries were caused by her failure to use the available seat belt. Plaintiff's failure to use a seat belt should reduce the amount of damages she is entitled if Defendants are found liable.


Ronai & Ronai, LLP
By: Paul Cordella, Esq.
*Attorneys for Plaintiff*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777


LYDECKER
200 Broadhollow Road, Suite 207
Melville, New York 11747
(631) 260-1110
Michael Goldman, Esq.


NICOLINI, PARADISE, FERRETTI & SABELLA
114 Old Country Road, Suite 500
Mineola, New York 11501
(516) 741-6355
John Ferretti, Esq.

**SO ORDERED**

_____

U.S.D.J

Dated: New York, New York

_____, 2024