UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SZILVIA ILYES,

                Plaintiff,

      -v-

MELIDO GROSS CASTRO, *et al.*,

                Defendants.

22-CV-4703 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On January 16, 2025, the Court conducted a telephonic conference to discuss Defendant

Melido Gross Castro's motion to dismiss for lack of subject matter jurisdiction and, alternatively,

the doctrine of *forums non conveniens*.  (ECF No. 94.)  The evidence in the case and the

representations of counsel establish that the Court lacks subject matter jurisdiction of this action.

The Second Circuit has confirmed that under 28 U.S.C. § 1332, federal courts lack

jurisdiction "over lawsuits between two foreign parties," when there are not also U.S. citizens on

both sides of the case.  *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 127 (2d Cir. 2020) (per

curiam); *Suedrohrbau Saudi Co. v. Bazzi*, No. 21-2307-CV, 2023 WL 1807717, at *2 (2d Cir.

Feb. 8, 2023) (summary order) (quoting *Univ. Licensing Corp. v. Paola del Lungo S.p.A.*, 293

F.3d 579, 581 (2d Cir. 2002)) ("[D]iversity is lacking . . . where the only parties are foreign

entities, or where on one side there are citizens and aliens and on the opposite side there are only

aliens.").  Because the sole Plaintiff and one of the Defendants are foreign citizens, diversity is

lacking for purposes of § 1332, and a federal court has no jurisdiction over this action.

For the foregoing reasons, Defendant Castro's motion to dismiss for lack of subject

matter jurisdiction is GRANTED and Plaintiffs' motions in limine are DENIED as moot and

without prejudice to being asserted in state court.

2

The Clerk of Court is directed to close the motions at Docket Numbers 83, 84, and 94;

enter judgment of dismissal for lack of subject matter jurisdiction; and close the case.

SO ORDERED.

Dated: January 17, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge

2